**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-5152**

_____

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

EDWARD PETER FLOYD, JR., a/k/a Fish,

　　　　　Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.　Robert C. Chambers, District Judge.　(3:10-cr-00154-1)

_____

Submitted:　June 28, 2012　　　　Decided:　August 13, 2012

_____

Before NIEMEYER, DIAZ, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

John H. Tinney, Jr., TINNEY LAW FIRM, PLLC, Charleston, West Virginia, for Appellant.　R. Booth Goodwin II, United States Attorney, R. Gregory McVey, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edward Peter Floyd, Jr., pled guilty to distribution of a quantity of oxycodone, 21 U.S.C. § 841(a)(1) (2006), and was sentenced to 57 months' imprisonment. He appeals, claiming: (1) the district court erred, in its relevant conduct calculation, in holding him accountable for the sale of 150 oxycodone pills, and (2), his attorney was ineffective for failing to provide him with a transcript or recording of his confession. Finding no error, we affirm.

The record reveals that Floyd signed a stipulation of facts, included with his written plea agreement, detailing his involvement in the sale of the 150 pills at issue, among other sales. At his Fed. R. Crim. P. 11 hearing, Floyd stated that he had gone over the plea agreement with his attorney and understood its terms and consequences. Statements made under oath during the plea proceedings are deemed binding absent "clear and convincing evidence to the contrary." Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1299 (4th Cir. 1992) (citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977)). In light of Floyd's stipulation, we find no error, much less clear error, in the district court's inclusion of the 150 pills in its calculation of drug quantity attributable to Floyd for sentencing purposes. See United States v. Slade, 631 F.3d 185, 188 (4th Cir. 2011) (providing standard), cert. denied, 131

S. Ct. 2943 (2011); see also U.S. Sentencing Guidelines Manual (USSG) § 1B1.3(a)(1)(B) (Supp. 2010).

Floyd also argues that he was denied effective assistance of counsel because his attorney failed to provide him with a transcript or audio recording of his confession. Unless an attorney's ineffectiveness is conclusively apparent on the face of the record, ineffective assistance claims are not cognizable on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C.A. § 2255 (West Supp. 2011), in order to promote sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because counsel's ineffectiveness is not conclusively established by the record here, we decline to consider this claim at this juncture.

Accordingly, we affirm Floyd's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED